UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RAHEEM THOMPSON,

        *Petitioner*,     **MEMORANDUM AND ORDER**
                                        **ADOPTING REPORT AND**
  -against-                         **RECOMMENDATION**

BRUCE YELICH, Superintendent,     09-CV-5039(KAM)(LB)
Bare Hill Correctional Facility,

        *Respondent*.
----------------------------------X

**MATSUMOTO, United States District Judge:**

        On November 6, 2009, Raheem Thompson ("petitioner") filed this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, challenging his conviction for assault in the first and second degrees following a jury trial in New York Supreme Court, Queens County. (*See* ECF No. 1, Pet. for Writ of Habeas Corpus.) On April 7, 2010, this petition was referred to Magistrate Judge Bloom for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). (*See* ECF No. 10, Order.)

        On May 31, 2011, Magistrate Judge Bloom issued a Report and Recommendation recommending that petitioner's petition be denied in its entirety. (ECF No. 11, Report & Recommendation ("R&R").) On that same date, Magistrate Judge Bloom mailed a copy of her Report and Recommendation to petitioner. (*See id.*, docket notation.) As explicitly noted at the end of the Report and Recommendation, any objections to the

report were to be filed within fourteen days of service of the Report and Recommendation. (R&R at 16.) On June 9, 2011, the court received a letter-motion from petitioner requesting an extension of time in which to file his objection to the Report and Recommendation. (ECF No. 12, Ltr. Mot.) On June 14, 2011, the court granted petitioner's request, allowing him until July 14, 2011, to file his objection. (Order, dated June 14, 2011.) On July 5, 2011, the court received petitioner's timely objection. (ECF No. 14, Objection.)

## STANDARD OF REVIEW

To the extent that a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (citation and internal quotation marks omitted); *see also Johnson v. Cnty. of Wash.*, No. 10-CV-1497, 2011 U.S. Dist. LEXIS 59764, at *2 (N.D.N.Y. May 27, 2011) ("In those cases where no party has filed an objection, or only a vague or general

objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error."). Similarly, when a party makes no objection to a portion of a Report and Recommendation, the court reviews that portion only for clear error. *See Marcelin v. Cortes-Vazquez*, No. 09-CV-4303, 2011 U.S. Dist. LEXIS 8996, at *3 (E.D.N.Y. Jan. 28, 2011) ("The district court is not required to review *de novo*, and may instead review for clear error, those portions of a report and recommendation to which no specific objections are addressed." (citing *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002))); *see also Batista v. Walker*, No. 94-CV-2826, 1995 U.S. Dist. LEXIS 10687, at *2 (S.D.N.Y. July 25, 1995). "An objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of [Federal Rule of Civil Procedure] 72(b)." *Wolff v. Town of Mount Pleasant*, No. 06-CV-3864, 2011 U.S. Dist. LEXIS 5959, at *5 (S.D.N.Y. Jan. 20, 2011); *see Healing Power, Inc. v. Ace Cont'l Exps., Ltd.*, No. 07-CV-4175, 2008 U.S. Dist. LEXIS 83021, at *2-3 (E.D.N.Y. Oct. 17, 2008) (finding general objection to Report and Recommendation not specific enough to constitute an objection under Federal Rule of Civil Procedure 72(b)).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*,

No. 05-CV-6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (citations and internal quotation marks omitted); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (citation and internal quotations marks omitted); *accord Evans v. Ericole*, No. 06-CV-3684, 2008 U.S. Dist. LEXIS 91556, at *5 (S.D.N.Y. Nov. 10, 2008) (reviewing Report and Recommendation for clear error where *pro se* plaintiff made only general objection); *Hazen v. Perlman*, No. 05-CV-1262, 2008 U.S. Dist. LEXIS 73708, at *2 (N.D.N.Y. Sept. 9, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff did not specifically object to any particular portion of report). Upon review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## **DISCUSSION**

Petitioner's July 5, 2011, submission to the court does not in fact amount to an objection of any kind, much less a

4

specific objection to a particular portion of Magistrate Judge Bloom's Report and Recommendation.  Indeed, petitioner's 56-page submission makes only a single passing reference to the Report and Recommendation on its first page.  (Objection at 1.) Nowhere in petitioner's voluminous and disjointed submission can the court locate a specific objection to any portion of the recommendation.  (*See generally id*.)  Rather, petitioner's submission predominantly consists of excerpts from the transcript of petitioner's jury trial interspersed with vague handwritten summaries of various New York State appellate decisions.  (*See id*. at 5, 8, 28-29, 34-35, 39, 43, 47-48.) Remaining mindful of its obligation to construe the submissions of *pro se* litigants liberally, *see Triestman*, 470 F.3d at 474, the court is nonetheless unable to construe petitioner's personal case summaries as a specific objection to any portion of the recommendation.  Therefore, in light of petitioner's vague and general objections, the court will review the entire Report and Recommendation for clear error.

Having reviewed Magistrate Judge Bloom's well-reasoned and thorough recommendation, the record before the court, and the relevant case law, the court finds that there is no clear error in the Report and Recommendation and hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court.  Accordingly, petitioner's petition for a

writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, is denied.

Because petitioner has not made a substantial showing of the denial of any constitutional right, the court will not issue a certificate of appealability. 28 U.S.C. § 2253; *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997) (abrogated on other grounds); *Richardson v. Greene*, 497 F.3d 212, 217 (2d. Cir. 2007) (discussing the standard for issuing a certificate of appealability). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this judgment denying the petition would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of the Court is respectfully requested to dismiss the petition, enter judgment in favor of respondent, and close this case.

Respondent is directed to serve a copy of this Memorandum and Order on petitioner and to file proof of service via ECF by November 27, 2012.

**SO ORDERED.**

Dated:     November 26, 2012
           Brooklyn, New York

/s/
_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York
